UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JAMES RAINS, #850456, ) | |
|     Plaintiff, ) | |
| ) | No. 2:20-cv-32 |
| v. ) | |
| ) | Honorable Paul L. Maloney |
| KELLY WELLMAN, *et al.*, ) | |
|     Defendants. ) | |
| ) | |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on December 30, 2022 (ECF No. 68). Judge Vermaat recommends that this Court grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment. The R&R explains that Defendants have established that there are no genuine issues of material fact: Plaintiff did not have a serious medical need, the Defendant Dieticians did not act with deliberate indifference to Plaintiff's medical needs, and Defendants did not substantially burden Plaintiff's religious beliefs by providing him with a vegan religious meal tray (*Id.* at PageID.763). The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed several objections to the R&R (ECF No. 69), and Defendants filed a response to those objections (ECF No. 72). Because Plaintiff has failed to show a genuine dispute of material fact, the Court will adopt the R&R as the opinion of the Court, grant Defendants' motion for summary judgment, and deny Plaintiff's motion for summary judgment.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff James Rains is a *pro se* prisoner who is confined by the Michigan Department of Corrections ("MDOC") at the Baraga Correctional Facility (AMF) in Baraga, Michigan. Plaintiff is a practicing Muslim. His complaint alleges that twenty-four AMF employees provided him with inadequate Halal food trays, forced him to conform to a vegan diet, and refused to accommodate his soy intolerance in violation of the First, Eighth, and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (*see* ECF No. 1). At this stage of the case, only the following claims remain: Plaintiff's deliberate indifference claims against AMF Dieticians Willard and Wellman and his free exercise and RLUIPA claims against AMF Special Activities Coordinator Adamson, Dietician Willard, and Dietician Wellman. After both parties moved for summary judgment, Judge Vermaat issued an R&R recommending the Court grant Defendants' motion and deny Plaintiff's motion. Plaintiff has filed several objections to the R&R.

2

This Court conducted a de novo review of Plaintiff's objections to the R&R. On review of the evidence, the R&R is adopted over Plaintiff's objections.

First, Plaintiff argues that Judge Vermaat erred in finding that the deliberate indifference claim against Dietician Willard could not survive because Plaintiff failed to set forth any evidence that Dietician Willard was personally involved in denying Plaintiff's request for a diet modification. At most, the record establishes a "mere failure to act," which the Sixth Circuit has said cannot support a § 1983 claim against state officials in their personal capacities. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff argues that the Third Circuit case of *Spruill v. Gillis*, 372 F.3 218 (3d Cir. 2004)[1] supports his position that "deliberate indifference occurs when a prison official fails to respond appropriately or does not respond at all to a prisoner's serious medical needs" (ECF No. 69 at PageID.766). This objection fails for two reasons: (1) Plaintiff fails to explain how this non-binding Third Circuit authority negates the binding Sixth Circuit authority, and (2) for the reasons articulated in the R&R, Plaintiff's soy intolerance did not constitute a "serious medical need." Therefore, Plaintiff's first objection is overruled.

Second, Plaintiff objects to the finding that his soy intolerance did not amount to a serious medical need. However, the gist of his objection is really that, although he believes his stomach pains, diarrhea, vomiting, and headaches were caused by a soy intolerance, these symptoms could have been caused by a different medical issue (i.e., "ulcers, cancer, etc."), and Defendants failed to adequately diagnose the cause of his symptoms (ECF No. 69 at

---

[1] Notably, *Spruill* was on appeal following the granting of a motion to dismiss where the prisoner merely needed to state a sufficient claim. The present matter, on the other hand, is pending before this Court on a motion for summary judgment, where the moving party is tasked with showing that no genuine disputes of material fact exist.

PageID.767). Specifically, Plaintiff takes issue with Dietician Wellman's "cursory review" of his symptoms (*Id.*). At the outset, the Court adopts the R&R's findings as to why Plaintiff's soy intolerance did not amount to a serious medical need (*see* ECF No. 68 at PageID.751-55). Because Plaintiff's symptoms did not constitute a serious medical need, Dietician Wellman had no need to refer Plaintiff to a medical provider authorized to diagnose his symptoms. Dietician Wellman did not possess the authority to diagnose Plaintiff nor approve a medical order for a soy-free diet. As the R&R explains, "[i]t therefore appears that Rains has [sued] the wrong defendants for his deliberate indifference claim" (*Id.* at PageID.755). Because Plaintiff has failed to establish a genuine dispute of material fact that he was indeed suffering from a serious medical need or that Dietician Wellman had any authority to remedy this need, Plaintiff's second objection is overruled.

Third, Plaintiff objects to Judge Vermaat's finding that he was receiving adequate nutrition from the vegan meals, despite the presence of soy in some of the provided food. To the extent that this objection is relevant to the objective component of a deliberate indifference claim (whether the soy in Plaintiff's diet caused a serious medical need), the Court accepts the well-reasoned findings in the R&R as to why Plaintiff has failed to exhibit a serious medical need (*see* ECF No. 68 at PageID.751-55). To the extent that this objection is relevant to the subjective component of the deliberate indifference claim (whether the Dietician Defendants purposely denied Plaintiff's access to a medically necessary soy-free diet), Defendants have established that they did not believe that a soy-free diet was medically necessary. Plaintiff concedes as much: "Defendants did not believe that a diet modification was medically necessary and instead provided Plaintiff counseling on avoiding soy in his diet"

4

(ECF No. 69 at PageID.768). In sum, Plaintiff's third objection fails to create a genuine dispute of material fact as to either the objective or subjective component of a deliberate indifference claim. It is therefore overruled.

Fourth and finally, Plaintiff asserts that Judge Vermaat misconstrued his free exercise and RLUIPA claims. He argues that these claims do not concern his soy intolerance; rather, he complains that he is forced to eat a vegan meal even though his religion permits him to consume meat, fish, cheese, and milk. However, Plaintiff's claim that a vegan diet violates his religious rights has already been dismissed in this Court's screening opinion (*see* ECF No. 11 at PageID.220-21). Because Plaintiff's fourth objection argues the merits of a claim that has already been dismissed, this objection is also overruled.

Given that Plaintiff's objections fail to establish a genuine dispute of material fact, the Court accepts the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment and deny Plaintiff's.

Finally, along with his objections, Plaintiff has also filed a "motion for Rule 56(f)[2] continuance for additional discovery" (ECF No. 70). He asserts that he needs to obtain certain additional discovery materials to "support his claims" (*Id.* at PageID.775). The Court will deny Plaintiff's untimely motion. The Case Management Order provided that all discovery was to be completed by July 25, 2022 (ECF No. 52 at PageID.548). That deadline has long since passed, and Plaintiff did not move to conduct additional discovery until after the parties moved for summary judgment, and after Judge Vermaat issued an R&R. Further,

---

[2] Fed. R. Civ. P. 56(f) concerns the consideration and granting of summary judgment independent of a motion. This rule has nothing to do with discovery.

5

not only is Plaintiff's motion untimely, in the Court's judgment, the additional discovery material Plaintiff seeks would not establish a genuine issue of material fact.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 68) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 60) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 63) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to conduct additional discovery (ECF No. 70) is **DENIED.**

Judgment to follow.

**IT IS SO ORDERED.**

Date: January 27, 2023                                               /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge